## 10046.   BANK OF COMMERCE *v.* PHILLIPS.

Under the law of Florida, which governs the contract in this case, the defendant, who was a member of a partnership engaged in the sawmill

business, was not liable on the note sued on, which was given in the partnership name by his partner, for the purchase of shares of stock in a corporation; it appearing that the note was given without the knowledge or consent of the defendant, and was not necessary to the conduct of the business of the partnership, and not authorized by the contract of partnership, and there being no evidence as to any course of dealings which would authorize or ratify the execution of the note.

The court did not err in directing a verdict for the defendant.

DECIDED JUNE 12, 1919. REHEARING DENIED JULY 17, 1919.

Complaint; from Tift superior court—Judge Eve.  July 4, 1918.

*Shackelford & Shackelford, O. M. Smith, Fulwood & Hargett,* for plaintiff.

*J. S. Ridgdill, E. K. Wilcox,* for defendant.

LUKE, J.  In the plaintiff's petition it is alleged that the defendant is a member of "Gardner Lumber Company," a firm composed of the defendant and Robinson.  It is conceded that the note sued on was executed in the name of "Gardner Lumber Company by Robinson," for the purchase of certain shares of stock in a corporation, and the stock-certificate was attached to the note as collateral security.  It is further conceded that the note sued on was a Florida contract, and the issues raised by the pleadings were to be tried according to the law of Florida.  The evidence was undisputed that the giving of the note was without the knowledge or consent of the defendant, and was not necessary to the conduct of the business of the partnership, "Gardner Lumber Company," which was engaged in the sawmill business at Gardner, Florida.  The contract of partnership was in evidence, and by none of its terms was authority given to the partner Robinson to execute the note of the partnership or to create debts other than were necessary to the conduct of the business.  In order for the plaintiff to recover against the defendant, the partner Robinson must have been acting within the scope of the partnership, or the other partner, the defendant here, must have known of the transaction or by some act ratified the execution of the note.  In Lanier *v.* McCabe, 2 Fla. 32 (48 Am. R. 173), the Supreme Court held: "Where several persons form an association for the purpose of establishing and putting in operation a steam sawmill, one of the parties can not issue notes in the name of the company which shall bind the other members of the company, except the authority be given by the articles of their association, or otherwise.  The partnership must be in a trade or concern to which the issuing or transfer of bills is necessary or usual, otherwise a

copartner will not be liable for the act of his partner unless he give express authority." See also Chandler *v.* Sherman, 16 Fla. 99. While ordinarily every partner is a general and authorized agent of the firm, his power to act as such agent must be within the scope of the partnership business.

No article of partnership authorized the execution of the note sued on; the note was given without the knowledge or consent of the defendant, and when knowledge came to him that the note had been given (which, according to the evidence, was when he received notice of intention to sue), he denied liability. In the evidence there was nothing to show such a course of dealings as would authorize or ratify the execution of the note, and, there being no proof that the purchase of the stock for which the note was given was necessary to the conduct of the business of the partnership, it was not error to direct a verdict for the defendant.

*Judgment affirmed. Wade, C. J., and Jenkins, J., concur.*